UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

FEB 2 3 2006



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROOSEVELT SCOTT, | \* | CIV. 05-4174 |
| | \* | CR 04-40098 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Movant, Roosevelt Scott, filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. He contends that his counsel rendered ineffective assistance by failing to object to the application of the career offender enhancement under the United States Sentencing Guidelines ("USSG") and failing to appeal the enhancement to the Eighth Circuit. Movant further contends that his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005), because the Court applied the USSG as mandatory in violation of his right to a jury trial. He further contends that Court should consider his extraordinary efforts at post-conviction rehabilitation in re-sentencing him.

Movant was convicted of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 & 841(a)(1). He was sentenced to 262 months' imprisonment and five years' supervised release on February 7, 2005.

The first ground listed for relief is for ineffective assistance of counsel. In order to establish ineffective assistance of counsel, Movant must show that counsel's performance fell below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Movant contends his counsel did not object to the Court's application of the career offender enhancement. This is erroneous. The second objection in Movant's written objections to the presentence report is to the application of the

career offender guideline. Moreover, the majority of the sentencing hearing in this matter was dedicated to the determination of whether the career offender guideline should apply in this case. Movant also asserts that his counsel rendered ineffective assistance in failing to appeal the application of the career offender guideline in his case. The plea agreement in this case, however, contains a waiver of appeal rights, and, thus, counsel did not render deficient performance in failing to appeal application of the career offender guideline in this case. Additionally, application of the career offender guideline was required by clearly established Eighth Circuit law, *United States v. Stevens*, 149 F.3d 747 (8th Cir. 1998), holding that burglary of non-residential property qualifies as a crime of violence. Thus, counsel's failure to appeal this issue did not fall below an objective standard of reasonable competence.

The second ground for relief is that his sentence violates his right to a jury trial because the Court applied the USSG as mandatory. The record in this case, however, demonstrates that the Court followed the *Booker* decision during the sentencing in this case and did not apply the USSG as mandatory in imposing the sentence.

The third ground for relief is that the Court should consider Movant's post-conviction rehabilitation in resentencing him. Movant, however, is not entitled to resentencing at this time. The Court notes that the time has not yet expired for the government to file a Rule 35 motion. Accordingly,

> IT IS ORDERED that Movant's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is denied.
>
> Dated this 23rd day of February, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
(SEAL)   DEPUTY